# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-631V**

|  |  |
|---|---|
| DENNIS GEARY, | Chief Special Master Corcoran |
| Petitioner, | Filed: April 16, 2025 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.*

*Jay T. Williamson, U.S. Department of Justice, Washington, DC, for Respondent.*

### FINDINGS OF FACT AND CONCLUSIONS OF LAW DISMISSING TABLE CLAIM[1]

On April 22, 2024, Dennis Geary filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that as a result of his receipt of a flu vaccine on October 1, 2021, he suffered a Table injury – Guillain-Barré syndrome (GBS). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU") in August 2024.

Respondent filed his Rule 4(c) Report on February 21, 2025, setting forth objections to compensation in this case. ECF No. 18. In sum, Respondent asserts that Petitioner has failed to

---

[1] Because this ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

establish that the onset of Petitioner's injury began within the Table timeframe of 3-42 days. *Id.* at 6.

On March 18, 2025, I held a status conference in this matter, and advised the parties that based upon my preliminary review of the records, a Table GBS claim was not likely tenable (although Petitioner may be able to establish an off-Table claim). *See* Scheduling Order, dated March 18, 2025. I therefore asked Petitioner to consider voluntarily dismissing the Table claim. *Id.* If Petitioner wished to defend the Table claim, I told him I would issue an order instructing him to show cause why it should not be dismissed. *Id.*

On March 28, 2025, Petitioner filed a status report indicating his willingness to dismiss the Table GBS claim. ECF No. 19. He stated that he "agrees to withdraw the table injury claim of GBS and instead pursue a causation-in-fact claim under *Althen*." *Id.*

Pursuant to the Vaccine Injury Table, GBS is a compensable injury after receipt of the flu vaccine if it manifests within 3-42 days of the vaccine's administration. 42 C.F.R. § 100.3(a)(XIV)(D). (Further criteria for establishing a GBS Table Injury case be found under the accompanying qualifications and aids to interpretation. 42 C.F.R. § 100.3(c)(15)). But as I discussed during the status conference, the records suggest that the onset of Petitioner's GBS occurred within *24 hours* of his October 1, 2021 vaccination. *See, e.g.*, Ex. 3 at 6 (Petitioner reported that the day after receiving the vaccine, he was walking around a Renaissance Fair and noticed that his legs felt more fatigued and tired than usual, and that his legs were not working properly); Ex. 3 at 10-12 (Petitioner reported to his treating neurologist that "on October 2 he was at the Renaissance Festival" and noticed his legs getting tired very quickly and then later when he got home he fell). Although Petitioner alleges in his affidavit that he was at the fair on October 7, 2021 (six days after his vaccination), this is in direct contrast to several medical records where he reported that he attended the fair the day after his vaccination. *Compare* Ex. 2 at 2 *with* Ex. 3 at 6, 10-12; Ex. 5 at 52-55.

The medical records in this case thus fail to provide preponderant evidence that the onset of Petitioner's GBS occurred within the 3-42 day timeframe established by the Table. 42 C.F.R. § 100.3(a)(XIV)(D). Accordingly, dismissal of Petitioner's Table GBS claim is warranted, as consented to by Petitioner – although the matter may proceed outside of SPU as a causation-in-fact claim.

**Accordingly, for the above stated reasons I find[3] that Petitioner has failed to demonstrate the Table requirements for GBS (42 C.F.R. § 100.3(c)(15)), and hereby dismiss Petitioner's Table GBS claim.** I will proceed with transferring Petitioner's case out of SPU and will randomly reassign the case to a special master to conduct further proceedings to establish whether Petitioner has demonstrated an off-Table case.

---

[3] I make these findings after a complete review of the record, including all medical records, affidavits, and all other additional evidence and filings from the parties.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master